UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS NGUYEN, | Case No. 13-2575 JC |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

## I.   SUMMARY

On April 16, 2013, plaintiff Thomas Nguyen ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; April 17, 2013 Case Management Order ¶ 5.

///
///

1

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.[1]

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On October 26, 2010, plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits. (Administrative Record ("AR") 124, 129). Plaintiff asserted that he became disabled on January 1, 2010, due to a torn right shoulder tendon, depression, a sleep disorder, high blood pressure, a calcified spinal joint, and pain and numbness in his shoulder, arm and leg. (AR 144). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel and assisted by an interpreter) and a vocational expert on November 14, 2011. (AR 49-68).

On November 30, 2011, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 27-34). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: degenerative disc disease of the cervical and lumbar spine and right shoulder rotator cuff tear (AR 29); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 29-30); (3) plaintiff retained the residual functional capacity to perform the full range of medium work as defined in 20 C.F.R. §§ 404.1567(c), 416.967(c)[2] (AR 30); (4) plaintiff could perform his

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See Molina v. Astrue, 674 F.3d 1104, 1115-22 (9th Cir. 2012) (discussing contours of application of harmless error standard in social security cases) (citing, *inter alia*, Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006)).

[2] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c), 416.967(c). "A full range of medium work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday in order to meet the requirements of frequent lifting or carrying
(continued...)

past relevant work as a deliveryman and handyman (AR 33); and (5) plaintiff's allegations regarding his limitations were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment (AR 32).

The Appeals Council denied plaintiff's application for review. (AR 4).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). The impairment must render the claimant incapable of performing the work claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

///

---

[2](...continued)
objects weighing up to 25 pounds. . . . [S]itting may occur intermittently during the remaining time." Social Security Rule ("SSR") 83-10. Social Security rulings are binding on the Administration. Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

|   |       |                                                                                  |
|---|-------|----------------------------------------------------------------------------------|
| 1 | (3)   | Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four. |
| 5 | (4)   | Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five. |
| 8 | (5)   | Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow the claimant to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled. |

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at 1110 (same).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of proving disability).

**B.  Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a

mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'"  Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

Plaintiff contends that a reversal or remand is warranted because the ALJ's residual functional capacity assessment was not supported by substantial evidence. (Plaintiff's Motion at 3-7).  More specifically, plaintiff essentially argues that, in assessing plaintiff's residual functional capacity, the ALJ erroneously relied on medical opinion evidence that failed to considered plaintiff's severe impairment of degenerative disc disease of the cervical spine.  (Plaintiff's Motion at 3-7).  The Court disagrees.

### A.  Pertinent Law

At step four of the sequential evaluation process, the Commissioner may deny benefits if a claimant possesses the residual functional capacity to perform his past relevant work.  20 C.F.R. §§ 404.1520(e), (f), 416.920(e), (f); see also Pinto v. Massanari, 249 F.3d 840, 845 (2001) ("At step four, claimants have the burden of showing that they can no longer perform their past relevant work.") (citations omitted).  Residual functional capacity represents "the most [a claimant] can still do despite [his or her] limitations."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  In determining a claimant's residual functional capacity, an ALJ is required to consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain, that are reasonably

attributed to a medically determinable impairment. Robbins, 466 F.3d at 883 (citations omitted); see 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1) (residual functional capacity is assessed "based on all of the relevant evidence in [the] record.").

### B. Analysis

First, substantial evidence supports the ALJ's assessment that plaintiff has the residual functional capacity to perform a full range of medium work. On February 15, 2011, Dr. Michael S. Wallack, a consultative examining physician, completed an Internal Medicine Evaluation which included a physical examination of plaintiff. (AR 307-13). Based on his examination of plaintiff and review of plaintiff's medical records, Dr. Wallack diagnosed plaintiff with Hepatitis B, right shoulder pain, and back/hip pain, and opined, among other things, that plaintiff could basically do medium work (*i.e.*, lift/carry 50 pounds occasionally and 25 pounds frequently, stand/walk for six hours and sit for eight hours in a work day) with "frequent" postural limitations. (AR 307, 312). In a March 1, 2011 Physical Residual Functional Capacity Assessment, Dr. B. Harris, a medical consultant, opined based on plaintiff's medical records that plaintiff had the physical residual functional capacity to do medium work (*i.e.*, lift/carry 50 pounds occasionally and 25 pounds frequently, stand/walk for six hours and sit for six hours in a work day) with no additional limitations. (AR 316-20). Dr. Wallack's opinions were supported by his independent examination of plaintiff, and thus, even without more, constituted substantial evidence supporting the ALJ's residual functional capacity assessment. See, e.g., Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (consultative examiner's opinion on its own constituted substantial evidence, because it rested on independent examination of claimant); Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995). The opinions of Dr. Harris, the reviewing medical consultant, also constituted substantial evidence supporting the ALJ's decision since they are consistent with the examining physician's opinions

and underlying independent examination, as well as the other medical evidence in the record. See Tonapetyan, 242 F.3d at 1149 (holding that opinions of nontreating or nonexamining doctors may serve as substantial evidence when consistent with independent clinical findings or other evidence in the record); Andrews, 53 F.3d at 1041 ("reports of the nonexamining advisor need not be discounted and may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it").

Second, the record belies plaintiff's assertion that Drs. Wallack and Harris failed properly to consider plaintiff's severe impairment of cervical spine degenerative disc disease. The report of Dr. Wallack's complete internal medicine evaluation of plaintiff reflects, in pertinent part, that (1) Dr. Wallack reviewed plaintiff's medical records which "includ[ed] an x-ray report showing multilevel *degenerative disease* involving the . . . *neck*"; (2) Dr. Wallack examined plaintiff's neck but found no abnormalities and range of motion "within normal limits"; and (3) during the evaluation plaintiff did not report neck pain or any impairment related to his neck. (AR 307-13) (emphasis added). Dr. Harris reviewed all of plaintiff's medical records and, by inference, considered plaintiff's severe cervical spine impairment to the same extent as Dr. Wallack's examining source statement. (AR 320). Therefore, the absence of any findings related to plaintiff's cervical spine does not, as plaintiff suggests, appear to be an oversight by either doctor but instead reflects the apparent lack of any medical signs, laboratory findings or documented symptoms in the record that would have justified finding any functional limitation related to plaintiff's neck impairment.

Third, even so, in light of the medical expertise of Drs. Wallack and Harris, it was wholly appropriate for the ALJ to rely on such doctors' opinions regarding functional limitations, if any, related to plaintiff's cervical spine impairment, as opposed to adopting plaintiff's currently asserted lay assessment of the medical evidence. See Gonzalez Perez v. Secretary of Health & Human Services, 812 F.2d

1  747, 749 (1st Cir. 1987) (ALJ may not "substitute his own layman's opinion for
2  the findings and opinion of a physician"); Ferguson v. Schweiker, 765 F.2d 31, 37
3  (3d Cir. 1985) (ALJ may not substitute his interpretation of laboratory reports for
4  that of a physician); Winters v. Barnhart, 2003 WL 22384784, at *6 (N.D. Cal.
5  Oct.15, 2003) ("The ALJ is not allowed to use his own medical judgment in lieu of
6  that of a medical expert.").
7       Finally, contrary to plaintiff's contention, the ALJ did not fail in her duty to
8  develop the record because she did not re-contact plaintiff's neurosurgeon (who
9  had recommended surgery for plaintiff's cervical spine), order a second
10 consultative examination, or obtain testimony from a medical expert at the
11 hearing.  (Plaintiff's Motion at 7).  Although plaintiff bears the burden of proving
12 disability, the ALJ has an affirmative duty to assist a claimant in developing the
13 record "when there is ambiguous evidence or when the record is inadequate to
14 allow for proper evaluation of the evidence." Mayes v. Massanari, 276 F.3d 453,
15 459-60 (9th Cir. 2001) (citation omitted); Bustamante, 262 F.3d at 954; see also
16 Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (ALJ has special duty fully
17 and fairly to develop record and to assure that claimant's interests are considered).
18 Where it is necessary to enable the ALJ to resolve an issue of disability, the duty
19 to develop the record may require consulting a medical expert or ordering a
20 consultative examination.  See 20 C.F.R. §§ 404.1519a, 416.919a; Reed v.
21 Massanari, 270 F.3d 838, 842 (9th Cir. 2001) (citing id.; 20 C.F.R.
22 §§ 404.1517-1519t, 416.917-919t); Carrillo Marin v. Secretary of Health and
23 Human Services, 758 F.2d 14, 17 (1st Cir. 1985) ("[I]f the Secretary is doubtful as
24 to the severity of [a claimant's] disorder the appropriate course is to request a
25 consultative evaluation. . . ."); see also Wren v. Sullivan, 925 F.2d 123, 128 (5th
26 Cir. 1991) (decision to order consultative examination rests within ALJ's
27 discretion) (citation omitted).
28 ///

    Here, the ALJ did not state, nor does the record reflect, that the medical evidence was ambiguous or that the record was otherwise inadequate to allow for proper evaluation of plaintiff's disability.  To the contrary, the ALJ properly relied on the opinions of Drs. Wallack and Harris which, as discussed above, constituted substantial evidence supporting the ALJ's non-disability determination.  Plaintiff's conclusory assertion that there was a "dearth of medical source statements based on the totality of [plaintiff's] impairments" is inadequate to trigger the ALJ's duty to develop the record.  See, e.g., Reed, 270 F.3d at 842 ("The government is not required to bear the expense of [a consultative] examination for every claimant.") (citations omitted).

## V.  CONCLUSION

    For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

    LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: September 27, 2013

                                    /s/
                          Honorable Jacqueline Chooljian
                          UNITED STATES MAGISTRATE JUDGE